## WILLIAM H. THORN *versus* ELISHA S. CASE.

The officer enrolling soldiers in a militia company is presumed to have done his duty; and if the soldier would deny that he was eighteen years of age, by the St. 1834, c. 121, § 23, the burthen of proof is on him to show that he was not eighteen.

If it appears by the record, that the enrollment of the soldier was made prior to his being warned to do the service, it is sufficient, although the precise day of the enrollment may be left uncertain.

If the time and place of the meeting of the company are stated in the notice, and it is handed in due time to the soldier by the person directed to warn him, the notice is good without any other date.

In an action to recover a fine, if the fact does not appear by the record, it is competent to prove by parol evidence that the defendant did not meet at the time and place appointed.

Where a record is required by the militia law to be made and kept as an official act, the record is sufficient evidence of the facts stated therein, without producing the original minutes from which it was made.

THE original action was debt by Case, as clerk of a company of infantry in Readfield, to recover of Thorn the fine imposed by the statute for non-appearance at the May inspection of said company in 1841.

The organization of the company; the appointment of Case to be clerk; and the limits of the company were proved. It appeared by the records of the "Readfield Guards," a company of light infantry, that the defendant had enlisted therein, and had done duty in that company in the years 1837 and 1839. It was admitted, that the defendant was a member of said light infantry company, and belonged thereto until the same was disbanded, in March, 1841. No other evidence of his age was offered.

To prove the enrollment of Thorn in said company, the plaintiff offered the record of the roll of said company, " as corrected on the eleventh day of September, 1840. On the 4th page of the record, and at the head of the page in the column headed, " time of additional enrollments made after the first Tuesday of May," and at the bottom of the page, was entered the date, April 26th, 1841 ; upon said page and between the dates standing at the head and foot of the page,

were borne the names of twenty-five individuals, among which was that of the defendant. The clerk testified that all the names upon that page were entered there under the date of April 26, 1841. This evidence was objected to by the counsel of the defendant, but admitted by the justice. The defendant's name was also found on the record of the roll of said company " as corrected on the 1st Tuesday of May, 1841," and in no other place upon the books of the company.

To prove notice to the defendant, the warning officer testified, that he gave the defendant a written notice in hand, at least four days before the day of inspection of said company. The defendant then introduced the notice of which the following is a copy.

" Militia of Maine. — To William H. Thorn. You being duly enrolled as a soldier in the company of which Joseph Sanborn is commanding officer, are hereby ordered to appear at the usual place of parade of said company, Town House in Readfield, on Tuesday the fourth day of May, 1841, at one o'clock in the afternoon, armed and equipped as the law directs, for military duty and inspection, and there wait further orders.

" Dated at Readfield, this —— day of —— 184 —

" By order of the Commanding Officer, John S. Hains."

To prove the non-appearance of the defendant the record of the roll of said company was introduced, " as corrected on the first Tuesday of May, 1841," and in the column headed, " absent," against the name of the defendant was marked " absent." The clerk stated in evidence, that the defendant was not present and did not answer to his name. Upon being asked by defendant's counsel, how he knew that defendant was absent, the clerk answered that he judged he was absent from the fact of his being marked absent on the record, in the column headed absents, and further stated that the record introduced was not the roll from which the names were called on the day of inspection, and upon which the absentees were originally minuted, but was, as it purported to be, a record of that roll.

The defendant made these objections.

1. There was no sufficient evidence of the defendant's liability to be enrolled.

2. That there was no sufficient evidence of defendant's enrollment four days previous to the time of inspection.

3. That the notice given was fatally defective, not being dated.

4. That there was not sufficient evidence of his non-appearance, the check roll being the only proper evidence to that point.

The objections were all overruled by the justice at the trial, and judgment entered against the defendant, to which rulings and decision of the said justice he excepted, and brought his writ of error, and assigned the same objections as causes of error.

*Howe,* for the plaintiff in error, contended that as no particular date was affixed to the name of Thorn upon the record of the roll, and in the proper column, it must be understood to have been placed there at the time the roll was revised, when he was not liable to be enrolled in this company, being then and until long afterwards a member of a volunteer company. St. 1834, c. 121, § 12; *Hill* v. *Fuller,* 14 Maine R. 121. The testimony of the clerk to show that it was placed upon the record on another day, was inadmissible. *Richards* v. *Killam,* 10 Mass. R. 239; *Saxton* v. *Nimms,* 14 Mass. R. 315; *Thayer* v. *Stearns,* 18 Mass. R. 109; *Gay* v. *Wells,* 7 Pick. 217; *Sawtelle* v. *Davis,* 5 Greenl. 438.

The warning was insufficient, because it leaves the person in doubt, whether the paper was designed to be an authentic instrument. *Macomber* v. *Shorey,* 15 Maine R. 466; *Howard* v. *Harrington,* 4 Pick. 123; *Cobb* v. *Lucas,* 15 Pick. 7. The date is an essential feature, and the want of it, is not cured by the insertion of the time of inspection.

The record of the roll, being a mere transcript of the roll upon which the delinquencies were originally noted, is not sufficient evidence of the absence. The clerk is liable to make mistakes in transferring his marks of absence from the check

roll to the record, and the original entries should be produced. *Comm.* v. *Paull,* 4 Pick. 251; *Comm.* v. *Peirce,* 15 Pick. 170.

The clerk was incompetent to supply the want of the check roll. And even if competent, he does not substantiate the record, as his testimony is not founded upon personal knowledge or recollection, but upon the state of the record itself.

·*Morrill,* for the original plaintiff, said that the admission, that Thorn was a member of the volunteer company, estops him from denying his liability to be enrolled in the standing company, when the other was disbanded; or at least puts him upon proof to rebut the presumption arising from that fact. ·*Haynes* v. *Jenks,* 2 Pick. 172; *Robinson* v. *Folger,* 17 Maine R. 206.

The company to which the defendant had formerly belonged, had been disbanded in March, 1841, and it was the duty of the plaintiff, as clerk, to enter his name on the roll of the company within the limits of which Thorn resided, and to designate in the column headed, " time of additional enrollment," the time when the enrollment was made. *Sawtelle* v. *Davis,* 5 Greenl. 438. The time was made sufficiently certain by the dates at the top and bottom of the page. If on this point there was any doubt, the clerk was a competent witness to explain it. *Robinson* v. *Folger,* 17 Maine R. 206.

It was not necessary that the notice should have been dated at the bottom. It was enough, that it distinctly showed the time when and the place where the company was to meet. The law gives no forms for notices. The warning officer testified that he gave the notice to the defendant at the proper time, and all was done which the law required. *Comm.* v. *Derby,* 13 Mass. R. 434; *Macomber* v. *Shorey,* 15 Maine R. 466; St. 1834, c. 121, § 21.

The original paper from which the company was called, is seldom preserved. It should be recorded, and the record is the proper evidence to prove who was present, and who was absent. And besides, in this case, the clerk testified that he was absent.

The opinion of the Court was drawn up by

SHEPLEY J. — The first error alleged is, that there was no sufficient evidence that the plaintiff in error had arrived at an age to authorize his enrollment. The officer enrolling is presumed to have done his duty, and if so, the burthen of proof is imposed upon the person to be enrolled by the twenty-third section of the act. And this also was a question of fact to be decided by the magistrate, and there is no reason to believe, that he decided erroneously.

The second error alleged is, that there was no sufficient evidence of enrollment four days before the time for inspection. The bill of exceptions states, that the "plaintiff offered the record of the roll of said company as corrected on the 11th September, 1840; on the fourth page of said record at the head of said page in the column headed, "time of additional enrollments made after the first Tuesday of May," and on the bottom of said page was entered the date of April 26, 1841." The time of the additional enrollments would seem to be made certain by the date both at the top and bottom of the column, prepared in the blank forms for that purpose. But it was decided in *Hill v. Fuller*, 2 Shep. 121, to be sufficient, if it appeared by the record, that the enrollment of the soldier was made prior to his being warned to do the service.

The third error alleged is, that the notice was defective. It ordered him to appear at the usual place of parade for the company, "on Tuesday the fourth day of May, 1841, at one o'clock in the afternoon." In the case of *Macomber v. Shorey*, 3 Shep. 466, there was no certainty respecting the year to be obtained from the date or otherwise, in which the duty was to be performed; and the notice was left at his last place of abode. In this case the notice was handed to the soldier, and he could not be in doubt about the time when the duty was required, or whether the notice was a regularly authorized order for that occasion, and not some old paper of a former year thrown into his dwelling without authority.

The fourth error alleged is, that there is no sufficient evidence, that he did not appear at the time and place as ordered.

There was the testimony of the clerk, that he did not; and such testimony was held to be admissible in the case of *Rollins* v. *Mudget*, 16 Maine R. 340. The record also stated it, and when a record is required to be made and kept as an official act, it is not readily perceived upon what principle of law, it can be alleged, that the original paper, from which it was made, is better evidence, than the record verified by the official oath of him, who makes it.

*Judgment affirmed.*